TANYA KAMINSKI,

  Plaintiff,

  v.

STATE OF NEW JERSEY
DEPARTMENT OF MILITARY AND
VETERANS AFFAIRS, et al.,

  Defendants.

Civ. No. 18-1424 (KM) (MAH)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Tanya Kaminski ("Kaminski") brings suit against three groups of defendants:

1. the State of New Jersey Department of Military and Veterans Affairs ("DMVA"), Susan Sweeney, and Robert Hoyd (collectively, the "State Defendants"),

2. Communications Workers of America Local 1038 ("CWA Local 1038"), Communications Workers of America International Union ("CWA International Union"), and Michelle Franklin (collectively, the "CWA Defendants");

3. Samuel Hayes, Victoria Ragucci, and Tyeka Knight (the "Individuals").[1]

Her Complaint asserts nine causes of action, including a claim of conspiracy under 42 U.S.C. § 1983 ("§ 1983") against all defendants. The State Defendants

---

[1]   Also named are John and Jane Does 1–10, and ABC Corps 1–10.

removed this action from state court, citing this Court's federal question jurisdiction under 28 U.S.C. § 1331.

Now before the Court are Kaminski's motion to remand the action to state court pursuant to 28 U.S.C. § 1447, and for reimbursement of just costs and fees, as well as separate motions of the State Defendants, the CWA Defendants, and the Individuals to dismiss this removed action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons stated below, I will deny Kaminski's motion to remand. I will partially grant the motions of the State Defendants, CWA Defendants, and Individuals to dismiss the complaint. Finally, I will decline to exercise supplemental jurisdiction over Kaminski's remaining state law claims.

## I. Background[2]

### A. The Complaint

On November 22, 2017, Kaminski filed a civil complaint in the Superior Court of New Jersey, Law Division, Bergen County against the State Defendants, CWA Defendants, and Individuals. It alleges as follows:

The plaintiff, Tanya Kaminski, was employed by the DMVA and the Youth Challenge Academy ("Academy") as a teacher. (Compl. ¶¶ 1-2). The Academy is a school located in Fort Dix, New Jersey, which is operated by the DMVA. (*Id.* at ¶ 2). Kaminski worked at the Academy for eight years until she was terminated. (*Id.* at ¶ 1).

On October 28, 2015, Kaminski "learned that she was pregnant and reported it to her employer at the Academy." (*Id.* at ¶ 15). According to

---

[2]    All facts and inferences are made in favor of the nonmoving party on a motion to dismiss.

Certain key record items are abbreviated as follows:

Notice of Removal = (ECF No. 1 at 1-4).

Compl. = Complaint (ECF No. 20).

Motion to Remand = (ECF No. 4).

Kaminski, upon learning of her pregnancy, the "Defendants . . . with discriminatory intent, embarked upon a plan to deprive [Kaminski] of her rights and to terminate her employment in violation of her rights" to employment and maternity leave. (*Id.* at ¶¶ 17, 19). Part of that plan, says Kaminski, included "Defendants using their positions of power to influence students to file false complaints as a ploy and pretext to unlawfully terminate" her. (*Id.* at ¶ 19). She alleges that Defendants urged students to complain about her in writing, "reviewed and edited their writings" (*id.* at ¶ 20), and "met with students on multiple occasions to make sure that their statements met with their narrative" (*id.* at ¶ 22).

Kaminski was a member of CWA International Union, specifically CWA Local 1038. Pursuant to a collective bargaining agreement ("CBA") with DMVA, (*id.* at ¶ 3), she filed a grievance in connection with her termination. The union represented Kaminksi against the DMVA during the grievance and arbitration process. (*Id.* at ¶ 3–5). Kaminski alleges that at her arbitration proceeding, the CWA Defendants "failed to advance the argument that the purpose of the termination was to deprive [Kaminski] of her rights, allowing improper matters to be considered, failing to call material witnesses, and did not adequately and fairly represent [Kaminski] during the proceedings." (*Id.* at ¶ 23).

That Complaint asserts nine claims, only one of which (the Fifth) invokes federal law:

Count 1: Breach of the duty of fair representation under the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-5.3

Count 2: Vacatur of an arbitration award under N.J.S.A. 2A:24-8(a), (b)

Count 3: Violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. — wrongful termination

Count 4: Violation of the NJLAD — hostile work environment

Count 5: Conspiracy to deprive Kaminski of rights, privileges, and immunities secured by the United States Constitution in violation of 42 U.S.C. § 1983 ("§ 1983")[3]

Count 6: Breach of contract

Count 7: Negligence

Count 8: Unlawful interference with contractual relations

Count 9: Unlawful interference with prospective economic advantage

(Compl. ¶¶ 29-81 (emphasis added)). [4]

The Complaint seeks the entry of an Order declaring the opinion and award of the arbitrator vacated, damages for lost front and back pay, punitive

---

[3] Because Count Five of the Complaint, setting forth Kaminski's § 1983 claim, is particularly relevant to the motions, I quote it here:

**FIFTH COUNT**

**CONSPIRACY WITH UNION**

. . .

59. At all relevant times Defendants are persons within the meaning of 42 U.S.C. § 1983.

60. At all relevant times Defendants were acting under the color of state law.

61. Defendants deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution.

62. The Defendants conspired to terminate the Plaintiff to withhold her of her maternity leave.

63. Defendants committed these action[s] by concocting a rouse where they sought out complaints against the Plaintiff. The Plaintiff's students never complained on their own volition of the Plaintiff.

(*id.* ¶¶ 59-63).

*See also id.* at ¶ 21 ("The Defendants conspired together to violate [Kaminski's] statutory and constitutional rights by generating false complaints of students . . ."); (*id.* at ¶ 26) ("This action also involves a violation of 42 U.S.C. 1983 wherein there was a conspiracy to deprive Plaintiff of her constitutional rights.")).

[4]     Count 1 is asserted against CWA only. Count 2 does not specify a defendant or defendants. Counts 3–9 are asserted against "Defendants" generally.

damages, damages for pain and suffering, attorney's fees, costs of suit, and "[s]uch other relief as this Court may deem equitable and just."

## B. Removal and Motions at Issue

On January 2, 2018, a copy of the Complaint and Summons was served upon the State Defendants. (Notice of Removal ¶ 3) (citing Exhs. B, C, and D). On February 1, 2018, the State Defendants filed a Notice of Removal based on this court's federal question jurisdiction over the § 1983 claim. (*Id.* at ¶ 2 (citing Compl. ¶¶ 21, 22, 25-27, 30)). *See* 28 U.S.C. § 1331 (federal question jurisdiction). The CWA Defendants consented to the removal of the action. (*Id.* at ¶ 6).[5]

One week later, on February 8, 2018, the State Defendants and the CWA Defendants filed separate motions under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint with prejudice for failure to state a claim. (ECF Nos. 2, 3). On March 2, 2018, Kaminski filed her opposition to the defendants' motions to dismiss, (ECF No. 6), slightly out of time. (The untimeliness is excused on the grounds stated in the accompanying letter. (ECF No. 6-2).)[6] On March 5, 2018, the CWA Defendants filed a reply to Kaminski's opposition to its motion to dismiss, (ECF No. 8), which is now fully

---

[5]     State Defendants assert that the three Individuals did not join CWA Defendants in consenting to removal because they had not been served with the Complaint. (Notice of Removal, 3). Although it is usually the rule that all defendants must join in removing the complaint, the rule does not apply to a non-consenting defendant who has not been served in the state proceeding at the time the removal petition was filed. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). There is no record that the Individuals have been subsequently served with the state complaint either, but under the circumstances it does not matter. "[O]nce a case has been properly removed[,] the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." *Lewis*, 757 F.2d at 69. None of those three Individuals have raised any issue of service of process. Through the same attorney who represents the State Defendants, they have joined in the State Defendants' Motion to Dismiss. (ECF No. 13, 2). Thus, I infer that the Individuals do not object to the State Defendants' removal.

[6]     Kaminski simultaneously filed a motion to disqualify counsel for CWA Defendants (ECF No. 7), which was denied by the Magistrate Judge (ECF No. 22).

briefed and ripe for decision. On April 2, 2018, Defendants Ragucci, Hayes and Knight joined the State Defendants' motion to dismiss. (ECF No. 13).

Meanwhile, on February 27, 2018, Kaminski filed a motion to remand the case to state court and award just costs and fees incurred as a result of the improper removal. (ECF No. 4). The Complaint, she says, must be remanded because the Eleventh Amendment bars this court from hearing claims against the State, (*id.* at 2–5); because the State is not a "person" amendable to suit under § 1983, (*id.* at 8); and because this Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971) (*id.* at 6–7). The State Defendants and CWA Defendants oppose Kaminski's motion to remand. (ECF Nos. 9, 10).

## II. Motion to Remand

Because the motion to remand implicates this Court's subject matter jurisdiction, I will address it first.

### A. Federal question jurisdiction

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and doubts are resolved in favor of remand. *See Samuel–Bassett v. Kia Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004). Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court.

A district court has original jurisdiction through one of two means: diversity jurisdiction, *see* 28 U.S.C. § 1332(a), which is not applicable here, or federal-question jurisdiction, *see* 28 U.S.C. § 1331, which is determined by the well-pleaded complaint rule. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the State Defendants filed their Notice of Removal based on this court's federal-question jurisdiction. (Notice of Removal ¶ 2). *See* 28 U.S.C. § 1331. Specifically, the State Defendants maintain that this Court has federal question jurisdiction because Kaminski has asserted claims under the United States Constitution and 42 U.S.C. § 1983 ("§ 1983"). (Notice of Removal ¶ 2). Kaminski, however, argues that this case must be remanded to state court "on the basis of no federal jurisdiction." (ECF No. 4-1, Pl. Br. 2).

On its face, the Complaint pleads that the defendants violated Kaminski's constitutional rights by depriving her of her alleged "rights to employment and maternity leave and in violation of her rights with discriminatory intent." (Compl. ¶¶ 17–19). Count Five, which may be read as a two-part § 1983 claim, asserts that (1) the Defendants acted under color of state law to deprive Kaminski of said constitutional rights, and (2) the Defendants engaged in this deprivation together, as a conspiracy. (*Id.*). A § 1983 claim, of course, presents a federal question. *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897 (3d Cir. 1987); *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir. 2004); *Manor Investments, Ltd. v. Pharmacy Operations, Inc.*, No. CIV.A. 09-1178, 2010 WL 9912483, at *1 (W.D. Pa. Mar. 19, 2010).

Count Five, although it is the only federal-law count in the Complaint, presents a sufficient basis for original jurisdiction, and therefore for removal.

## B. Eleventh Amendment federal-forum immunity

The Eleventh Amendment incorporates a general principle of sovereign immunity which bars citizens from bringing suits for damages against any state in federal court.[7] *Pennhurst State School & Hosp. v. Halderman*, 465 U.S.

---

[7]     The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the literal scope of its language is limited, it has been held to encompass a broader principle of sovereign immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).

89, 100–101 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)). Kaminski argues that the case must be remanded because, under the Eleventh Amendment, her claims against the state "can only be adjudicated in state court under our Constitutional system of federalism." (Pl. Br. 1). That statement is true as far as it goes, but the State may waive its Eleventh Amendment immunity, and it has done so here.

The Eleventh Amendment is forum-specific; it bars a claim from being brought *in a federal court*. A State may therefore waive its "Eleventh Amendment federal-forum immunity by removing the action to federal court." *See Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979).

The State, by removing the action to this Court, has in effect waived its Eleventh Amendment immunity from a federal-court suit. The State retains its right, however, to assert any other defenses that could have been asserted in a state court action, including sovereign immunity. *Id.*

## III. Rule 12(b)(6) Motion to Dismiss

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Worth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement'... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The United States Court of Appeals for the Third Circuit has explained the *Twombly/Iqbal* standard on several occasions. *See, e.g., Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 70–73 (3d Cir. 2011); *Santiago v. Warminster Twp.*, 629 F.3d 121, 129–30 (3d Cir. 2010). In doing so, it has provided a three-step process for evaluating a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See [Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are

based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

### B. Count Five (§ 1983): amenability to suit and personal capacity

State Defendants and CWA Defendants have moved to dismiss the entirety of Kaminski's complaint. (ECF Nos. 2, 3). Because the complaint's § 1983 claim is the only federal claim before the court, I will address it first, beginning with the threshold issue of amenability to suit as it applies to State Defendants and, in their official capacities, defendants Hayes, Ragucci, Knight, Hoyd, and Sweeney (the "Government Officials"). Next, I consider whether the Government Officials are subject to suit under § 1983 in their personal capacities.[8]

#### 1. "Persons" under § 1983

I first consider the motion to dismiss brought by the State Defendants, joined by the Individuals, Ragucci, Hayes, and Knight, based on amenability to suit under § 1983.

Kaminski brings claims against all defendants under § 1983 for conspiring to "deprive[] Plaintiff of rights, privileges, and immunities secured by

---

[8]     State Defendants argue that the affirmative defense of qualified immunity applies to the individual officials if they are named in their personal capacities. (ECF No. 2-1, 32–34). Before deciding if qualified immunity applies, I will address the merits of Kaminski's § 1983 claim and the alleged constitutional violation therein. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842, n. 5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all. Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question.").

the United States Constitution." (Compl. ¶¶ 58–62). Section 1983 provides as follows:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> . . .

42 U.S.C. § 1983 (emphasis added).

A state and its departments are not considered "persons" amenable to suit under § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67–70 (1989). State officials, acting in their official capacities, are likewise not considered "persons." *Id.* at 71–72. The analysis is distinct from, but closely related to that under the Eleventh Amendment, which bars § 1983 suits for damages against "governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes," which are "no different from a suit against the State itself." *Will*, 491 U.S. at 70–71.[9]

The DMVA is a department of the state of New Jersey. N.J. Stat. Ann. § 38A:3-1 ("The Department of Military and Veterans' Affairs shall be a principal department in the executive branch of the State Government."). Therefore, a suit against the DMVA is a "suit against the state itself." *Will*, 491 U.S. at 70–71 (1989). Because the State of New Jersey is not considered a person under § 1983, neither is the DMVA. *Id.* By extension, defendants Hayes, Ragucci, Sweeney, Hoyd, and Knight, who at all times relevant to this matter were officials of the DMVA or its sub-department, the Academy, (*see* Compl. ¶¶ 6–

---

[9]     The Eleventh Amendment bar applies unless Congress has abrogated it, or the State has waived it, two exceptions that do not apply here. *E.g., Pa Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). By waiving their Eleventh Amendment federal-forum immunity, State Defendants no not waive other claims of immunity from liability. *See Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008).

10), are not amenable to suit in their official capacities under § 1983. *Id.* at 71–72.

### 2. Personal capacity

The Complaint lists the Government Officials, *i.e.*, Hayes, Ragucci, Sweeney, Hoyd, and Knight, as defendants. It does not explicitly state that Kaminski sues them in their personal capacities. (*See* Compl. ¶¶ 6–10).

"In personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer. Therefore, the Eleventh Amendment is not implicated because the State is not the real party in interest." *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005). To determine whether a suit is against a defendant in his or her personal capacity, the court examines "the complaints" and the "course of proceedings" to determine the nature of the liability plaintiff has sought to impose. *Id.* at 251.

This Complaint fails to specify either way whether individual defendants are sued in their personal or official capacity. (*See* Compl. ¶¶ 6–10). I view the Complaint in the light most favorable to the plaintiff, however, and consider the context. A brief cannot amend a defective complaint, but it is nevertheless suggestive that in her briefing, Kaminski recognizes that the State is not a 'person' under § 1983, but asserts that the claims against the individuals "are against 'persons' within the meaning of the statute." (ECF No. 4 at 1). In addition, all of the individual Government Officials assert qualified immunity, "a defense available only for governmental officials when they are sued in their personal, and not in their official, capacity." *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991). *Compare id. with Garden State*, 144 F. App'x at 252 (considering the fact that the government official did *not* raise personal immunity defenses in concluding they were not sued in their personal capacities). Both the plaintiff and the relevant defendants, then, appear to interpret the ambiguous language of the Complaint to encompass claims against the individual state officials in their personal capacities. In the interest

of efficiency, to the extent necessary, the Complaint will be deemed amended. I will assume for purposes of this Opinion that the individual Government Officials are sued in their personal capacities.

### 3. Deprivation of right secured by Constitution or federal law

To state a claim for relief under § 1983, a plaintiff must plausibly allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not in itself a source of substantive rights, instead providing a remedy for violations of rights protected by other federal statutes or by the U.S. Constitution. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Therefore, in evaluating a § 1983 claim, a Court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Id.* (*citing Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998))." *Keslosky v. Borough of Old Forge*, 66 F. Supp. 3d 592, 613–14 (M.D. Pa. 2014).

Count Five does allege generally that defendants violated Kaminski's "rights, privileges, and immunities secured by the United States Constitution." (Compl. ¶ 61) Elaborating, it specifies that the defendants "conspired to terminate the Plaintiff to withhold her of her maternity leave." [*sic*] (Compl. ¶ 62) And it states that the defendants "committed these actions by concocting a rouse [*sic*] where they sought out complaints against the Plaintiff. The Plaintiff's students never complained on their own volition of the Plaintiff." (Compl. ¶ 63) The Complaint does not state or suggest any basis for concluding that such rights have their source in a federal statute or clause of the United States Constitution.

Kaminski in her brief asserts that defendants "conspired together to lose her arbitration case." (ECF No. 6 at 2) Count Five, however, contains no such allegation, and the CWA Defendants argue that I therefore should not consider it as a theory of § 1983 liability. (ECF No. 8, 2). I agree. In any event, however, it does not specify a constitutional claim.

Casting the § 1983 claim as one of conspiracy does not save it. "[A] § 1983 conspiracy claim is not actionable without an actual violation of § 1983." *Cherry v. Borough of Tuckerton*, No. 16–505, 2016 WL 7030428, at *3 (D.N.J. Dec. 1, 2016) (internal quotation marks and citations omitted); *Stallings v. Cruz*, No. 15–7488, 2016 WL 3067438, at *3 n.2 (D.N.J. May 31, 2016) ("Civil conspiracy is [merely] a vehicle by which § 1983 liability may be imputed to those who have not actually performed the act denying constitutional rights .... As a result, a § 1983 conspiracy claim is not actionable without an actual violation of § 1983.") (internal quotation marks and citations omitted).[10] Because an underlying § 1983 violation has not been pled, the conspiracy allegation fails as well.

Count Five is therefore dismissed.[11]

---

[10] The allegation of conspiracy, moreover, is defective in its own right. In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 Fed.Appx. 211, 215 (3d Cir. 2012). No facts are alleged to support the allegation of agreement and concerted action.

[11] State Defendants raise the affirmative defenses of res judicata, and the entire controversy doctrine, which it is not necessary to reach. I point them, however, to the Supreme Court's decision in *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284 (1984). "[A]lthough arbitration is well suited to resolving contractual disputes, . . . it cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard. As a result, according preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights." *Id.* at 290.

On behalf of defendant Franklin, CWA Defendants raise an affirmative defense that Franklin, as a union officer, is not personally liable for her actions taken on behalf of CWA Defendants. (ECF No. 3-1, 25–26). This defense, too, I need not reach. This Circuit has held, however, that "the law is clear that individual union officers are not personally liable to third parties for actions taken on behalf of the union in the

## C. Remaining State-Law Counts

I have dismissed the single federal claim pled in the Complaint, and diversity of citizenship is not alleged. *See* 28 U.S.C. § 1331, 1332. The only potential basis for this court's subject matter jurisdiction over Kaminski's state law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because this case is in the earliest stages and no federal claims remain, I will exercise my discretion to decline supplemental jurisdiction over all state law claims alleged in the Complaint. *See id.* § 1367(c)(3).

## D. Options

At this point, the plaintiff, who never sought this federal forum in the first place, has two options:

(a) This dismissal is without prejudice to the plaintiff's submission, within 45 days, of a properly supported motion to amend her complaint so as to assert a valid federal claim. If the federal claim fails on the merits, however, the remaining state claims may still be subject to dismissal on supplemental-jurisdiction grounds. *See supra.*

(b) While this action is dismissed, the plaintiff may return to state court and reinstate her state court action on a pure state-law basis.

## CONCLUSION

For the foregoing reasons, Kaminski's motion to remand, (ECF No. 4), is denied as presented. The motions of State Defendants, CWA Defendants, and the Individuals to dismiss the Complaint for failure to state a claim, (ECF Nos. 3, 2, 13), are granted, without prejudice to the submission, within 45 days, of a properly supported motion to amend the complaint.

---

collective bargaining process." *Carino v. Stefan*, 376 F.3d 156, 159–60 (3d Cir. 2004) (holding that an attorney hired by a union to represent union members in arbitration hearings, held pursuant to a CBA, was immune to suit); *see Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981).

Dated: September 13, 2018

Hon. Kevin McNulty
United States District Judge